# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

**Civil Action No. _____**

| | | |
|---|---|---|
| VALERIE WILLIAMS, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **NOTICE OF REMOVAL** |
| PEGASUS RESIDENTIAL, LLC; INWOOD HOLDINGS, LLC, and MP BRIDGES AT SOUTHPOINT, LLC d/b/a BRIDGES AT SOUTHPOINT, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Pegasus Residential, LLC ("Pegasus"), through counsel, hereby files its Notice of Removal of this action from the North Carolina General Court of Justice, Superior Court Division, Durham County, to the United States District Court for the Middle District of North Carolina, Durham Division, pursuant to 28 U.S.C. §§ 1332(d)(1), 1441, 1446, and 1453. In support of this removal, Pegasus states the following:

1. On November 6, 2018, Plaintiff Valerie Williams ("Plaintiff") caused initial pleadings to be filed against Defendants Pegasus Residential, LLC; Inwood Holdings, LLC, and MP Bridges at Southpoint, LLC d/b/a Bridges at Southpoint in the General Court of Justice, Superior Court Division of Durham County, North Carolina, Case No. 18-CVS-4034 (the "State Court Action").

2.      Plaintiff caused the Summons and Complaint in the State Court Action to be served on Pegasus on November 19, 2018.

3.      Accordingly, this Notice of Removal is filed within thirty days of service on Pegasus of the Summons and Complaint.

4.      Although not required, *see* 28 U.S.C. § 1453(b), the other two Defendants consent to, and join in, the removal of this action.

5.      In compliance with 28 U.S.C. § 1446(a), attached hereto as <u>Exhibit A</u> are copies of the Summons and the Complaint, together with all other "process, pleadings, and orders," served upon Pegasus in the State Court Action.

6.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "When subject matter jurisdiction is at issue, the court can make appropriate inquiry outside of the pleadings to ensure that it has the authority to entertain the case." *Capital Associated Indus., Inc. v. Cooper*, 129 F. Supp. 3d 281, 299 (M.D.N.C. 2015) (citing *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F. 3d 337, 348 (4th Cir. 2009) (finding that courts may "resolve the jurisdictional facts that are in dispute by considering evidence outside the pleadings, such as affidavits")).

7.      The Court has original jurisdiction of this class action pursuant to 28 U.S.C. § 1332(d) because (a) the amount in controversy exceeds $5 million, exclusive of interest

and costs, (b) Plaintiff and undoubtedly other members of the two putative classes that she seeks to represent (the "Putative Classes") are citizens of a state different from Pegasus, and (c) the number of members of the Putative Classes in the aggregate is not less than 100. (Compl. ¶ 81).

8.      Plaintiff is a citizen of Durham County, North Carolina. (Compl. ¶ 8).  Each of the Putative Classes consists entirely of individuals who reside or resided in North Carolina. (Compl. ¶ 77).

9.      By contrast, Pegasus is a Georgia limited liability with its principal place of business in Alpharetta, Georgia. (Compl. ¶ 11 and Declaration of Lindy Ware ("Ware Dec.") (attached as Exhibit B) ¶ 3).

10.      Plaintiff and Pegasus, therefore, are citizens of different states.  *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

11.      Likewise, neither of the other two Defendants is a citizen of North Carolina. Instead, Defendant Inwood Holdings, LLC is a Georgia limited liability company with its principal place of business in Atlanta, Georgia, and Defendant is a Delaware limited liability company with its principal place of business in Texas. (Compl. ¶¶ 12-13 and Ware Dec. ¶ 4). *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

12.     While Pegasus denies all of Plaintiff's claims and that she or any of the other members of the Putative Classes is entitled to any damages or other relief in this case, the amount in controversy exceeds $5 million, exclusive of interest and costs.

13.     Among other things, Plaintiff alleges, and Pegasus denies, that Defendants violated N.C. Gen. Stat. § 75-50, *et seq.*, by collecting or attempting to collect court costs, sheriff service fees, and attorneys' fees from apartment tenants that are allegedly prohibited by N.C. Gen. Stat. § 42-46 (the "Alleged Eviction Fees"). (*See*, *e.g.*, Compl. ¶¶ 22-75, 71-88[1]). Plaintiff and the Putative Classes seek statutory damages of $4,000 for each purported violation of N.C. Gen. Stat. § 75-50, *et seq.* in the four years preceding the filing of the Complaint. (Compl. ¶ 87; Prayer for Relief ¶ 9).

14.     Pegasus currently manages, or has managed at some time since November 1, 2014, over 40 apartment communities in North Carolina. (Ware Dec. ¶ 5).

15.     During this period of time, Pegasus has consistently entered the transaction code ATTRNY on the Resident Ledgers for these North Carolina properties (the "North Carolina Ledgers") to show each instance in which, if a complaint for summary ejectment was filed against a tenant who was delinquent in paying in full his or her monthly rent when due, the tenant was charged the Alleged Eviction Fees. (*Id*. ¶ 6).

---

[1] The paragraphs in the Complaint are numbered 1-83, and then start again with 63.

16.    For the period of time from November 1, 2014 through June 30, 2018,[2] there are more than 1250 ATTRNY transaction code entries on the North Carolina Resident Ledgers. (*Id*. ¶ 7).

17.    If Plaintiff were to prove that Defendants violated N.C. Gen. Stat. § 75-50, *et seq*. in each instance where, as reflected by the ATTRNY transaction code entries on the North Carolina Resident Ledgers, the Alleged Eviction Fees were charged to Plaintiff and the other members of the Putative Classes, and they were awarded the maximum statutory amount of $4,000 per violation, Plaintiff and the other members of the Putative Classes could receive a judgment for more than $5 million in statutory penalties alone (1250+ ATTRNY transaction code entries X $4000 = $5 million+).

18.    Plaintiff also seeks to be awarded, for herself and the other members of the Putative Classes, compensatory damages, punitive damages, "damages calculated pursuant to N.C. Gen. Stat. § 75-8 for each week Defendants' illegal conduct occurred," treble damages under N.C. Gen. Stat. § 75-1.1 for each purported violation of N.C. Gen. Stat. § 42-46, a declaratory judgment, attorneys' fees, and costs.  (Compl., Prayer for Relief ¶¶ 7-14).

19.    As a result, the amount in controversy exceeds $5 million, exclusive of interest and costs, and this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1441.

---

[2] Effective June 25, 2018, the North Carolina General Assembly clarified N.C. Gen. Stat. § 42-46 to expressly authorize a landlord to recover the out-of-pocket expenses from a tenant that make up the Alleged Eviction Fees. (Comp. ¶ 27 n.1 and Exhibit 8).

20. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

21. Written notice of the filing of this Notice of Removal will be provided to Plaintiff, together with a copy of the Notice of Removal and supporting papers. Pursuant to 28 U.S.C. § 1446(d), the same has been or will be filed with the Superior Court of Durham County, North Carolina in the State Court Action. A copy of the Notice of Filing Notice of Removal is attached as Exhibit C.

22. Pegasus submits this Notice of Removal subject to and without waiver of any of its claims, defenses, rights, or remedies in this action, all of which are expressly reserved, and without admitting any of Plaintiff's claims or that she or any of the other members of the Putative Classes is entitled to any damages or other relief in this case.

WHEREFORE, Defendant Pegasus Residential, LLC respectfully prays that the above-captioned action now pending against it proceed in this Court as an action properly removed.

Respectfully submitted, this the 18th day of December, 2018.

/s/ Deborah A. Ausburn
Deborah A. Ausburn
NC Bar No. 20266
dausburn@taylorenglish.com

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
(770) 434-6868 Telephone
(770) 434-7376 Facsimile

Attorneys for Defendant
Pegasus Residential, LLC

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day served counsel for the parties with the foregoing

**NOTICE OF REMOVAL** by depositing a true and correct copy of same in the United

States Mail, first class postage prepaid, addressed as follows:

Scott C. Harris
Patrick M. Wallace
Whitfield Bryson & Mason LLP
900 W. Morgan Street
Raleigh, NC  27603

Edward H. Maginnis
Karl S. Gwaltney
Maginnis Law, PLLC
4801 Glenwood Avenue, Suite 310
Raleigh, NC  27612

Michael T. Medford
William S. Cherry III
Manning, Fulton & Skinner, P.A.
3605 Glenwood Avenue, Suite 500
Post Office Box 20389
Raleigh, NC  27619

This 18th day of December, 2018.

*/s/ Deborah A. Ausburn*
Deborah A. Ausburn
NC Bar No. 20266