IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VALERIE WILLIAMS, on behalf of herself )
and all others similarly situated, )
                                        )
                Plaintiffs, )
                                        )
       v. )                    1:18CV1030
                                        )
PEGASUS RESIDENTIAL, LLC; INWOOD )
HOLDINGS, LLC; and MP BRIDGES AT )
SOUTHPOINT, LLC d/b/a BRIDGES AT )
SOUTHPOINT, )
                                        )
               Defendants. )

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

         Plaintiff initiated this putative class action on November 6, 2018, against Defendants

Pegasus Residential, LLC, Inwood Holdings, LLC,[1] and MP Bridges at Southpoint, LLC,

doing business as Bridges at Southpoint, in Durham County Superior Court. (ECF No. 4.)

Plaintiff alleges violations of the North Carolina Residential Rental Agreements Act, (the

"RRAA"), N.C. Gen. Stat. § 42-46, the North Carolina Debt Collection Act, (the "DCA" or

"NCDCA"), N.C. Gen. Stat. § 75-50 *et seq.*, and the North Carolina Unfair and Deceptive

Trade Practices Act, (the "UDTPA"), N.C. Gen. Stat. § 75-1 *et seq.* (*Id.* at 16–20.)[2] On

---

[1] Defendant Inwood Holdings, LLC, was voluntarily dismissed from this action by Plaintiff on January 7, 2019. (ECF No. 18.)

[2] Plaintiff's numbered paragraphs are incongruent, going from paragraph 83 on page 15 to paragraph 63 on the top of page 16. (*See id.* at 15–16.) Because the paragraph numbers are inconsistent, the Court will refer to the complaint by its page numbers.

December 18, 2018, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332(d)(1), 1441, 1446, and 1453. (ECF No. 1.) Before the Court are Defendants' substantively identical partial motions to dismiss, specifically requesting dismissal of Plaintiff's UDTPA claim. (ECF Nos. 20, 22.) For the reasons stated below, both motions will be granted.

## I.    BACKGROUND

Plaintiff entered into a lease with Defendants for the period from September 30, 2017 through September 25, 2018. (ECF No. 4 at 9.) Plaintiff's lease stated that if Defendants filed a summary ejectment action against her, she would be liable for certain administrative fees, "in addition to late fees, court costs, attorney's fees, and any other monetary damages or costs arising under the terms of this Agreement." (*Id.*) In March, April, and June of 2018, Plaintiff was late making her rental payments. (*See id.* at 10.) On or about the twelfth day of each of those months, Plaintiff received an Initial Collection Letter which stated that Plaintiff was responsible for "damages . . . in connection with [her] default under the rental agreement." (*Id.*) On March 19, April 17, and June 22, 2018, Defendants placed charges of $201, labeled "Attorney Or Legal Charges" (the "Eviction Fees"), on Plaintiff's account ledger. (*Id.* at 10, 56–57.) Plaintiff paid all three charges within days of their being placed on her ledger. (*See id.* at 56–57.) Plaintiff alleges in her complaint that the RRAA prohibited Defendants from charging her these Eviction Fees and that attempting to collect these debts through the Initial Collection Letters violated the DCA as well. (*Id.* at 16–18.)

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," including whether it meets the pleading standards of Rule 8. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"A district court should dismiss a complaint pursuant to Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the complaint alleges facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

While a court's evaluation of a Rule 12(b)(6) motion to dismiss is "generally limited to a review of the allegations of the complaint itself," a court may properly consider documents

"attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Therefore, in addition to considering the Complaint, the Court will also consider the exhibits attached to the Complaint. *See id.*

## III. DISCUSSION

Defendants each move to dismiss Plaintiff's UDTPA claim on the grounds that it is "preempted as a matter of law by the DCA." (ECF No. 21 at 2; ECF No. 23 at 1.) The DCA prohibits threatening, deceptive, or fraudulent practices in the collection of debts. *See* N.C. Gen. Stat. §§ 75-50 to 56. To state any claim under the DCA, the plaintiff must first establish three elements: "(1) the obligation owed is a 'debt'; (2) the one owing the obligation is a 'consumer'; and (3) the one trying to collect the obligation is a 'debt collector.'" *Wells Fargo Bank, N.A. v. Corneal*, 767 S.E.2d 374, 378 (N.C. Ct. App. 2014) (citing *Green Tree Servicing LLC v. Locklear*, 763 S.E.2d 523, 527 (N.C. Ct. App. 2014)). Plaintiff has alleged, and Defendants do not, at this point, contest, that (1) the Eviction Fees were a "debt," (2) Plaintiff was a "consumer," and (3) Defendants were "debt collectors." (ECF No. 4 at 17.)

The UDTPA is broader than the DCA, requiring a party to allege, "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Walker v. Fleetwood Homes of N.C., Inc.*, 653 S.E.2d 393, 399 (N.C. 2007) (quoting *Gray v. N.C. Ins. Underwriting Ass'n*, 529 S.E.2d 676, 681 (N.C. 2000)). "If the abusive conduct alleged pertains only to debt collection, the NCDCA provides a claimant's exclusive remedy." *DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 765 (M.D.N.C. 2003) (analyzing N.C. Gen. Stat. §§ 75-51 to 56). Thus, "claims can only be asserted under the UDTPA if there is some abusive conduct alleged to have occurred outside the realm of debt collection." *Id.; see also*

*Musenge v. SmartWay of the Carolinas, LLC,* No. 3:15-CV-153-RJC-DCK, 2018 WL 4440718, at *5 (W.D.N.C. Sept. 17, 2018); *Johnson v. MBNA Am. Bank, Nat'l Ass'n,* No. 1:05CV00150, 2006 WL 618077, at *8 (M.D.N.C. Mar. 9, 2006).

Defendants argue that all of Plaintiff's claims arise within the context of debt collection and that, therefore, Plaintiff's UDTPA claim is preempted by the DCA. (ECF No. 28 at 4–5.) Plaintiff concedes that "if the abusive conduct alleged pertains only to debt collection, the [DCA] provides a claimant's exclusive remedy." (ECF No. 27 at 7.) However, Plaintiff argues that dismissal of her UDTPA claim is "premature," because she "has alleged violations of the UDTPA which are separate and apart from her NCDCA claim." *(Id.* at 8–9.) Specifically, Plaintiff alleges Defendants engaged in two abusive acts outside the realm of debt collection: "(a) charging and assessing Eviction Fees in contravention of North Carolina law and without any court order or automatic right to do so, and (b) unlawfully including in its residential leases an unlawful provision requiring their tenants to pay Eviction Fees in direct contravention of North Carolina law." *(Id.* at 8.) However, as discussed below, neither of these allegations is actually "outside the realm of debt collection," and so Plaintiff's UDTPA claim must be dismissed. *See DIRECTV*, 294 F. Supp. 2d at 765.

Plaintiff first contends that Defendants violated the UDTPA by including provisions in their residential lease agreements that illegally charged tenants Eviction Fees. (ECF No. 27 at 8.) According to Plaintiff, "[t]he inclusion of these provisions in a residential rental agreement was, during the relevant time period, in direct violation of the express public policy of the State of North Carolina." *(Id.* at 9.) Because the lease agreement violated public policy, Plaintiff argues, it "plainly constitutes an unfair and deceptive trade practice." *(Id.* at 9–10.)

The inclusion of these provisions in the lease contract does not, alone, adequately set forth a cause of action for a UDTPA violation. A UDTPA claimant must establish that she "suffered actual injury as a proximate result of defendants' misrepresentations or unfair conduct." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 507 S.E.2d 56, 63 (N.C. Ct. App. 1998) (internal quotation marks omitted). Plaintiff has adequately plead that Defendants engaged in unfair conduct, by including allegedly unlawful terms in her lease contract. (*See* ECF No. 4 at 9, 19.) The only harm that resulted from that allegedly unfair conduct, however, was connected to Defendants' demand for the Eviction Fees. (*See id.* at 19–20.) Such harm is properly viewed as within "the realm of debt collection." *See DIRECTV*, 294 F. Supp. 2d at 765. Therefore, Plaintiff's claim alleging that Defendants included unlawful terms in Plaintiff's lease agreement is preempted by the DCA.

Second, Plaintiff argues that Defendants violated the UDTPA by demanding that Plaintiff owed Eviction Fees, including attorneys' fees and filing fees, without even retaining an attorney or incurring any costs associated with filing for summary ejectment. (ECF No. 27 at 10.) Because, Plaintiff argues, Defendants "claimed that the Eviction Fees were due and owing when there was no basis to assert they were due and owing, Defendants' actions are unfair and deceptive." (*Id.*) Although this allegation could potentially support a cause of action for deceptive representations in debt collection, *see* N.C. Gen. Stat. § 75-54(4), Plaintiff's allegations clearly "pertain[ ] only to debt collection," *DIRECTV*, 294 F. Supp. at 765.

Thus, Plaintiff cannot point to, and this Court cannot find, any allegations that would support a UDTPA claim that does not likewise involve debt collection. (*See* ECF No. 27 at 8–10.) The DCA, therefore, provides the exclusive remedy for Plaintiff's UDTPA cause of

action.[3]  Accordingly, Defendants' motions to dismiss Plaintiff's UDTPA claim will be granted.

For the reasons stated herein, the Court enters the following:

**[ORDER TO FOLLOW ON NEXT PAGE]**

---

[3] Plaintiff's argument that it could plead its UDTPA claim in the alternative is similarly unavailing. (ECF No. 27 at 10–11.)  A plaintiff "cannot preserve a cause of action that was not properly alleged." *Musenge*, 2018 WL 4440718, at *5.  Thus, where a plaintiff "*only* alleges conduct in relation to debt collection," their UDTPA claim is invalid and should not be preserved.  *Id.*  (emphasis in the original).

## ORDER

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss, (ECF Nos. 20, 22), are GRANTED. Plaintiff's Third Cause of Action, (ECF No. 4 at 19–20), is DISMISSED.

This, the 11th day of September 2019.

/s/ Loretta C. Biggs
United States District Judge