IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VALERIE WILLIAMS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | 1:18CV1030 |
| v. | ) ) ) | |
| PEGASUS RESIDENTIAL, LLC; MP BRIDGES AT SOUTHPOINT, LLC d/b/a BRIDGES AT SOUTHPOINT, | ) ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

The matter before the Court is an Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Classes for Purpose of Settlement, Directing Notice to the Classes, and Scheduling Fairness Hearing filed by the Plaintiff, Valerie Williams. (ECF No. 57.) The Court, having reviewed the Settlement Agreement, Proposed Order, and Declaration by Plaintiff's counsel ("Harris Declaration"), finds that the Settlement Agreement and defined class are appropriate for preliminary approval and certification. The proposed Settlement Agreement appears to be fair, reasonable, and adequate, and a hearing on the matter should be held, after notice to the Class Members, to confirm that it meets this standard prior to a determination of whether a Final Order and Judgment should be entered in this Lawsuit.

WHEREAS Plaintiff Valerie Williams ("Plaintiff") and Defendants Pegasus Residential, LLC, and MP Bridges at Southpoint LLC d/b/a Bridges at Southpoint ("Defendants") (collectively referred to as "the Parties"), have reached a Settlement Agreement resolving this action;

WHEREAS the Settlement Agreement sets forth the terms and conditions of a proposed class action settlement and Plaintiff has moved, pursuant to Fed. R. Civ. P. 23(e) and 23(g), for an Order seeking preliminary approval of a class action settlement, certifying the settlement class, appointing settlement class counsel and settlement class representative, approving class notice, and scheduling a fairness hearing ("Motion");

IT IS ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

**Class Certification for Settlement Purposes Only**

1.      The proposed Settlement Agreement submitted with the Motion is preliminarily approved, pending the notice and formal approval process set forth herein.

2.      Based on the submissions of the parties, and for purposes of this settlement only, the Court conditionally makes the following findings:

      a.      The members of the Classes defined in the Settlement Agreement[1] are so numerous as to make joinder impracticable;

      b.      There are questions of law and fact common to the Classes, and such questions predominate over any questions affecting only individual Class Members;

      c.      Plaintiff's claims are typical of the claims of the Class Members;

      d.      Plaintiff and her counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Class Members in this action; and

      e.      A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this Action.

---

[1] Unless otherwise stated, all capitalized terms shall have the meanings set forth in the proposed Settlement Agreement. In the event of any conflict between this Order and the proposed Settlement Agreement, the latter shall control.

2

3.     Accordingly, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and

(b)(3), the Court provisionally certifies the Classes defined as:

> **Collection Letter Class**: All natural persons who (a) at any point between
> November 6, 2014 and June 25, 2018, (b) resided in any of the properties in
> North Carolina owned and/or managed by Defendants and (c) received a
> Collection Letter.

There are approximately 8,778 potential Collection Letter Class members.

> **Eviction Fee Class**: All natural persons who (a) at any point between
> November 6, 2014 and June 25, 2018, (b) resided in any of the properties in
> North Carolina owned and/or managed by Defendants and (c) were charged
> and (d) paid Eviction Fees.

There are approximately 792 potential Eviction Fee Class members.

Excluded from the Settlement Classes are (1) persons who are employees, directors,

officers, and agents of Defendants; (2) persons who timely and properly exclude themselves

from the Settlement Class as provided in this Agreement; (3) anyone who has previously

executed a written release of all claims against Defendants related to the collecting of Eviction

Fees and would otherwise be a member of the Settlement Class; and (4) the Court, the Court's

immediate family, and Court staff.

**Class Counsel and Class Representative**

4.     Finding that the factors of Rule 23(g) have been satisfied, the Court appoints

Edward H. Maginnis and Karl S. Gwaltney of Maginnis Law, PLLC, and Scott C. Harris and

Patrick M. Wallace of Whitfield Bryson LLP as Class Counsel.

5.     Plaintiff Valerie Williams is appointed as a representative of the Classes.

**Preliminary Approval**

6.     The Settlement Agreement is preliminarily approved as describing a settlement

that is within the range of settlements that the Court would find to be fair, reasonable, and adequate.

7.      The Court's preliminary approval is subject to the right of any Class Member to challenge the Settlement and to show cause, if any exists, why a Final Order and Judgment dismissing this Action based on the Settlement should not be entered, after due and adequate notice has been provided to the Class and a fairness hearing has been held as otherwise ordered herein.

8.      The Court finds that the Settlement Agreement resulted from arm's-length negotiations, extensive investigation, and motions practice, and that the proposed settlement is sufficiently fair and reasonable so as to warrant notice thereof to the Classes, and to warrant a hearing concerning the settlement and the terms set forth in the Settlement Agreement.

**Fairness Hearing**

9.      The Fairness Hearing shall be held before this Court on November 30, 2021 at 9:30 a.m. to determine whether (a) the Classes provisionally certified herein in fact satisfy each of the prerequisites for class certification set forth in Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3); (b) the settlement proposal described in the Settlement Agreement is fair, reasonable, and adequate; (c) orders granting final approval of the Settlement, entering final judgment and dismissing the Complaint, as provided in the Settlement, should be entered; and (d) the applications of Class Counsel for the payment of attorneys' fees and expenses and Plaintiffs' service awards should be approved.

10.      At the Fairness Hearing, the Court will consider any objections presented by the Settlement Class members and the parties' responses to any such objections.

4

**Pre-Hearing Notice**

11.     The Court has reviewed the notice to the prospective class and finds that the manner and content of the Settlement Notice as set forth in the Settlement Agreement and in the Exhibits to the Settlement Agreement will provide the best notice practicable to the Classes under the circumstances.

12.     The Notice Period must commence within fourteen (14) calendar days after the entry of the Preliminary Approval Order and should be substantially complete no later than forty-five (45) days after the entry of the Preliminary Approval Order via electronic mail, first-class mail, an Internet website, and a toll-free number as set forth in the Settlement Agreement.

13.     The Defendants shall provide the notification required under 28 U.S.C. § 1715 to each Appropriate Federal Official and to each Appropriate State Official.

**Requests for Exclusion from Class**

14.     Any Class Member who wishes to be excluded from the proposed settlement must send a written request for exclusion to the Claims Administrator, in care of the post office box rented for that purpose, no later than thirty (30) days following the last day of the Notice Plan.

15.     Requests for exclusion must contain the following:

       a.     the Class Member's name, address and telephone number;

       b.     a statement by the Class Member that he/she wants to be excluded from the Class;

       c.     the name and docket number of this Action; and

       d.     the Class Member's original signature.

5

16.     Any Class Member who does not send a timely written request for exclusion meeting the conditions described in the foregoing paragraph shall be bound by the final settlement and by all subsequent proceedings, orders and judgments in this Action, even if such person has pending or subsequently initiates litigation or other proceedings against any Released Persons relating to matters or the claims released in this Action.

**Objections to Settlement**

17.     Any Class Member who does not file a timely written request for exclusion may object to the fairness, reasonableness, or adequacy of the settlement.

18.     Class Members may not seek to exclude themselves from the Classes and file an objection to the proposed settlement, however.

19.     Any member of a Class who wishes to object to any aspect of the settlement must deliver to Class Counsel and Defendants' Counsel, and file with the Court, no later than fifteen (15) days following the last day of the Notice Plan or as the Court may otherwise direct, a written statement of his/her objection(s).

20.     Written objections must include: (i) the objector's name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; (iv) proof of class membership; and (v) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

21.     Class Members may raise an objection either on their own or through an attorney hired at their own expense.

22.     If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class members represented by objector's counsel; (2) the number of such represented Settlement Class members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class members who have remained in the Settlement Class and have not objected.

23.     If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve on Class Counsel and Defense Counsel not later than fifteen days before the Final Fairness Hearing or as the Court may otherwise direct a document containing the following: (1) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (2) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (3) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (4) the attorney's hourly rate.

24.     Any Class Member who fails to comply with the provisions of the subsections concerning objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object and shall be bound by all the terms of the settlement and by all proceedings, orders and judgments in this Action.

**Retention of Administrator**

25.     The Court authorizes CPT Group to administer certain aspects of the settlement, including providing notice to the Class; establishing and maintaining the Settlement Website; receiving and maintaining correspondence regarding requests for

exclusion, intervention and objections to the settlement; responding to inquiries from Class members received through the Settlement Website, or by first-class mail or by telephone; and assisting Defendants' Counsel and Class Counsel with other aspects of the settlement as necessary and directed by Counsel.

26. CPT Group will also serve as the Claims Administrator.

27. The Claims Administrator shall perform the following duties: (a) prepare the Notice Plan; (b) disseminate the Notice of Class Settlement; (c) process claim forms and opt-out forms; (d) receive and serve on Class Counsel, Defendants' Counsel, and the Court any written objections and opt-out requests; (e) determine the amounts of the awards due to eligible Settlement Class members in accord with the terms and procedures set forth herein; (f) report, in summary or narrative form, to Class Counsel and Defendants' counsel regarding the completion of the tasks identified in this paragraph; (g) issue other reports and provide any and all files, documents, and data related to the Settlement Agreement, upon request, to Defendants' Counsel, or Class Counsel; (h) carry out other related tasks in accordance with the terms of the Settlement Agreement; and (i) agree to employ their best efforts to faithfully and fully perform any and all obligations and duties imposed on the Claims Administrator pursuant to the Settlement Agreement and its exhibits and amendments (if any).

**Effect of Final Approval**

28. If the settlement proposed by the Parties is finally approved, the Court shall enter a separate order approving the settlement, entering judgment and dismissing, with prejudice, the Class Action Complaint.

29.     Such order and judgment shall be fully binding with respect to all Settlement Class Members and shall release each and every Defendant, as well as all of the other Released Persons, from all of the Released Claims, which include any and all claims or causes of action arising out of or relating in any way to the charging, threatening to charge, collecting, or attempting to collect Eviction Fees or any Outstanding Debt, including all claims that were or could have been alleged by Plaintiff in the Action.

**Schedule**

30.     The following deadlines shall apply unless modified by further order of the Court:

a.     Notices in the form of the Exhibits to the Settlement Agreement shall be sent to Class Members via first class mail and electronic mail, as provided in the Settlement, within 14 days after entry of this Order, on or before August 30, 2021.

b.     The Notices shall be made available through the Settlement Website no later than the date the first Class Notice is sent by e-mail.

c.     The notice period shall run until September 30, 2021, within 45 days after entry of this Order.

d.     Any Claim Forms shall be filled out and submitted on or before October 15, 2021, within 60 days after entry of this Order.

e.     Any notices to appear at the Final Approval hearing shall be filed on or before October 22, 2021, within 67 days after entry of this Order.

f.     Any exclusions and objections to the Settlement shall be submitted on or before October 15, 2021, within 60 days after entry of this Order.

g.     The Fairness Hearing shall be held at 9:00 a.m. on November 30, 2021, in Courtroom No. 4 of the United States District Court for the Middle District of North Carolina.

h.     The parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections filed thereto, by October 25, 2021, within 70 days of this order.

9

i.     Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses and request for incentive awards to the Plaintiff no later than on October 25, 2021, within 70 days of this order.

This, the 10th day of August 2021.

/s/ Loretta C. Biggs
United States District Judge