IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VALERIE WILLIAMS, on behalf of<br>herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEGASUS RESIDENTIAL, LLC and<br>MP BRIDGES AT SOUTHPOINT, LLC<br>d/b/a BRIDGES AT SOUTHPOINT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:18CV1030 |

## ORDER

Before the Court are Plaintiff Valerie Williams' Unopposed Motion for Final Approval of Class Settlement, (ECF No. 65), and Unopposed Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives, (ECF No. 67). Having considered the written submissions, and after hearing oral argument at the Fairness Hearing on November 30, 2021, the Plaintiff's motions will be granted.[1]

## BACKGROUND

1.      On November 6, 2018, Plaintiff Valerie Williams, on behalf of herself and the Settlement Classes, initiated this action in the North Carolina Superior Court for Durham County against Defendants Pegasus Residential LLC and MP Bridges at Southpoint, LLC d/b/a Bridges at Southpoint ("Defendants"). (ECF No. 4.)

2.      Plaintiff alleged that Defendants unlawfully charged eviction-related fees and

---

[1] Unless otherwise stated, all capitalized terms have the meanings set forth in the Settlement Agreement.

unlawfully threatened to charge eviction-related fees. Plaintiff sought monetary and declaratory relief for violation of the North Carolina Residential Rental Agreements Act, North Carolina Debt Collection Act, and North Carolina Unfair and Deceptive Trade Practices Act.

3.      Plaintiff alleged that, when she was late with her rent, she received Collection Letters claiming an eviction complaint would be filed and Eviction Fees would be immediately owed if all amounts remained unpaid after or around the 10th of the month. If Plaintiff's rent remained unpaid by the 10th day of the month, Defendants charged her with Eviction Fees and begin collection attempts on these amounts. Defendants' charges of Eviction Fees during the Relevant Time Period ranged from $191 to $201.

4.      On December 18, 2018, Defendants removed the case to the United States District Court for the Middle District of North Carolina. (ECF No. 1).

5.      On January 28, 2019, Defendants filed partial Motions to Dismiss, seeking to dismiss Plaintiff's Unfair and Deceptive Trade Practice Claim ("UDTPA). (ECF Nos. 22–25).

6.      On February 19, 2019, Plaintiff opposed Defendants' motions to dismiss. (ECF No. 27).

7.      The Court granted Defendants' Motion to Dismiss the UDTPA claim on September 11, 2019. (ECF No. 35). The remaining causes of action remained pending.

8.      On October 25, 2019, Defendants filed their respective Answers to Plaintiff's remaining claims denying liability and denying Plaintiff's material allegations against Defendants. (ECF Nos. 40–41.)

9. In the meantime, on September 30, 2019, Defendants also moved to stay the case pending the outcome of *Suarez v. Camden Property Trust*, et al., Case No. 19-1367 (4th Cir.). (ECF No. 37).

10. Plaintiff responded in opposition to Defendants' Motion to Stay. (ECF No. 39.) On November 19, 2020, the Court entered an order staying the case until the Fourth Circuit decided *Suarez*. (ECF No. 43).

11. On June 19, 2020, the Fourth Circuit resolved *Suarez*, and this Court lifted the stay on June 22, 2020. (*See* Text Order June 22, 2020).

12. The parties provided Notice of the Settlement to this Court on November 13, 2020, that all material terms were agreed to and would provide the formal documents of the settlement to this Court on or before December 12, 2020. (ECF No. 54).

13. After the Court briefly extended the deadline for such filing, Plaintiff timely filed her Unopposed Motion for Preliminary Approval of Class Action Settlement and for an Order Certifying Classes for Purposes of Settlement, Directing Notice to the Classes, and Scheduling Fairness Hearing on December 30, 2020. (ECF Nos. 57–58).

14. In its Order dated August 10, 2021, the Court preliminarily approved the Settlement Agreement, the proposed Notice plan, and the Settlement Classes. (ECF No. 62.) Pursuant to the plan approved by the Court, Notice was disseminated to the classes. The deadline to opt out or object to the settlement was October 15, 2021.

15. As of the October 15 deadline, no Settlement Class member has opted out of the settlement and no Settlement Class member has objected to the settlement, the proposed award of fees and expenses to Class Counsel, or the proposed service award to the Class Representative.

## SETTLEMENT TERMS

16. The Settlement Agreement establishes non-reversionary Monetary Relief composed of $862,500.00 in cash and Debt Waiver of $386,959.55 for a total settlement value of $1,249,459.55, as well as Non-Monetary Relief in the form of a Set Aside and Dismissal for suitable class members. Each Settlement Class member is a member of one or two classes defined as:

**Collection Letter Class**: All natural persons who (a) at any point between November 6, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a Collection Letter.

**Eviction Fee Class**: All natural persons who (a) at any point between November 6, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) paid Eviction Fees.

17. Pursuant to the Settlement Agreement, Collection Letter Class members may be reimbursed $25 per letter sent to them by Defendants up to $75 for any claims filed. Eviction Fee Class members are eligible to be reimbursed approximately $600. Eviction Fee Class Members did not have to file a claim and will receive a payment. Eviction Fee Class members may also be Collection Letter Class members and were eligible to file claims for such benefits.

18. Under the settlement, all costs of Notice and claims administration have been paid by Defendants out of the Cash Fund. Court-approved fees and expenses for Class Counsel and service award for the Class Representative will be subtracted from the Cash Fund.

## APPROVAL OF CLASS NOTICE

19. The Settlement Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Post-Notice Declarations of the

4

Settlement Administrator, which was responsible for carrying out the Notice program, the Court hereby finds that the Notice was accomplished in accordance with the Court's directive. The Court further finds that the Notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

## APPROVAL OF THE SETTLEMENT

20.    The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval.  The Court finds that the Settlement Administrator has received a total of 39 valid and timely claims from the Collection Letter Class Members. Based upon the information provided by the Settlement Administrator, the total amount claimed totals no more than $2,925.  Accordingly, the remaining amounts reserved for Collection Letter Class members will go to the Eviction Fee Class.  Accordingly, instead of receiving a reimbursement of approximately $480, the Eviction Fee Class Members should each receive approximately $600.

21.    The Court has considered the complexity, expense, and likely duration of the litigation if the settlement is not approved; the odds of the plaintiff succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of Class Counsel and the Class Representative; and the degree of opposition to the settlement.

22.    The Court recognizes that no Settlement Class member objected to or opted out of the settlement, timely or otherwise.

23.     In short, the settlement is finally approved, and the parties are directed to consummate the settlement in accordance with its terms.

## CERTIFICATION OF THE SETTLEMENT CLASSES

24.     The Court hereby certifies the Collection Letter Class, and the Eviction Fee Class as follows:

> **Collection Letter Class**: All natural persons who (a) at any point between November 6, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a Collection Letter.

> **Eviction Fee Class**: All natural persons who (a) at any point between November 6, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) paid Eviction Fees.

25.     Excluded from the Settlement Classes are (1) persons who are employees, directors, officers, and agents of Defendants; (2) persons who timely and properly exclude themselves from the Settlement Classes as provided in the Settlement Agreement; (3) anyone who has previously executed a written release of all claims against Defendants related to the collecting or threatening to collect Eviction Fees and would otherwise be a member of the Settlement Classes; and (4) the Court, the Court's immediate family, and Court staff.

26.     Based on the record before the Court, the Court hereby finds that the Plaintiff is an adequate representative of the Settlement Classes.  In so holding, the Court finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes only: the Settlement Classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Classes; the claims of the Class Representative are typical of the claims of the absent Settlement Class members; the Class Representative and

6

Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Classes; and common questions of law and fact predominate over questions affecting only individual Settlement Class members, rendering the Settlement Classes sufficiently cohesive to warrant a class settlement.

27. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes.

28. The Court appoints Scott C. Harris and Patrick M. Wallace of Milberg Coleman Bryson Phillips Grossman, PLLC, and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Howard, as Class counsel.

29. The Court appoints Valerie Williams as Class Representative.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

30. The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the Settlement Agreement, and that the agreement was not the product of collusion or fraud.

31. Instead, the amount of attorneys' fees to be paid from the Cash Fund was negotiated after the other terms of the settlement had been agreed upon.

32. The requested fee is justified under the percentage of the fund approach adopted by courts in this Circuit. *See Phillips v. Triad Guar. Inc.*, No. 1:09CV71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016) ("This Court, too, is persuaded that the percentage of the fund method, supplemented with the lodestar cross-check, is the appropriate means by which to determine an award of attorneys' fees in this case."); *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05CV00187, 2007 WL 119157, at *1 (M.D.N.C. Jan. 10, 2007) ("On the question

7

of attorneys fees, the Court finds that in a common fund case such as this, a reasonable fee is normally a percentage of the Class recovery.")

33.     This fee represents less than one-third (1/3) of the total benefit to the Settlement Classes.  In approving the requested fee, the Court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.  All of these factors either support the fee requested here or are neutral.

34.     The requested fee is also supported by a lodestar analysis. Class Counsel report that they have already recorded a combined total of more than 400 hours having a value in excess of $191,000.00 and that they will incur additional time before the case is finally concluded.  The requested lodestar multiplier is approximately 1.83, which is in line with amounts approved by other courts. *See Linnins v. HAECO Ams., Inc.*, 1:16-CV-486, 2018 WL 5312193, *3 (M.D.N.C. Oct. 26, 2018) (approving attorney's fee award with 1.16 lodestar at $650 and $700 per hour).  In fact, "[c]ourts have found that lodestar multipliers ranging from 2 to 4.5 demonstrate the reasonableness of a requested percentage fee," depending upon the complexity of the matter. *Phillips v. Triad Guar. Inc.*, No. 1:09-CV-71, 2016 WL 2636289, at *8

8

(M.D.N.C. May 9, 2016) (citing *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 766 (S.D.W. Va. 2009)). Accordingly, the Court finds that the time, hourly rates, and multiplier are reasonable.

35. Class Counsel have provided a joint declaration specifying that they have incurred $1,681.46 in the prosecution of this litigation on behalf of the classes. The Court finds their expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses of $1,681.46 in addition to the $350,000.00 fee award.

## SERVICE AWARD

36. The Settlement Agreement provides that, subject to Court approval, Valerie Williams will receive $2,500 for her service as Class Representative to be paid from the Cash Fund. The Court finds that payment of the service award is appropriate in this case in light of her work on behalf of the Settlement Classes and that no Settlement Class member has objected to the service award. The Court hereby approves the service award, which shall be paid consistent with the parties' Settlement Agreement.

## CY PRES

37. In the event that Settlement Class members fail to cash their checks within six (6) months of mailing and remaining funds are left over, as provided in the Settlement Agreement, such that the Cash Fund has a positive balance, all remaining amounts in the Cash Fund shall be disbursed to the approved *cy pres* recipient: Legal Aid of North Carolina. The Claims Administrator is ordered to provide a report to Class Counsel of all money in the Cash Fund left undisbursed within fifteen (15) calendar days after the 6-month period has elapsed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED AS FOLLOWS:**

1.      Pursuant to Rule 23 of Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement, and finds that the Settlement, the Settlement Agreement, and the plan of distribution of the Settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the Settlement Classes.

2.      Class Counsel is hereby awarded attorneys' fees in the amount of $350,000.00 to be paid from the Cash Fund as set forth in the manner described in Settlement Agreement, which amount the Court finds to be fair and reasonable.

3.      Class Counsel are also awarded a reimbursement of their expenses of $1,681.46.

4.      The Court also finds to be fair and reasonable service award of $2,500.00 to Valerie Williams to be paid from the Cash Fund.

5.      Since no member of the Class has objected or opted out of the Settlement, the Effective Date of the Settlement Agreement is the date of the signing of this Order, and the Class Releasors shall release and forever discharge the Released Persons from the Released Claims.

6.      By reason of the settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter and all claims alleged by Plaintiff are dismissed with prejudice.

7.      Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and

Case 1:18-cv-01030-LCB-JLW   Document 72   Filed 11/30/21   Page 10 of 11

Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose.

8.     Pursuant to the terms of the Settlement Agreement, this action is dismissed with prejudice as against the Class Representative, all members of the Settlement Classes and the Defendants and Released Persons.

9.     The parties shall bear their own costs except as provided by the Settlement Agreement and as ordered herein.

10.    It is further adjudged that the Class Representative, on behalf of herself and members of the Settlement Classes, shall be deemed conclusively to have compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of action against Released Persons as provided for in the Settlement Agreement.

SO ORDERED and ADJUDGED, this the 30th day of November 2021.


/s/ Loretta C. Biggs
United States District Judge